RECEIVED

JUN 2 5 2010
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IGOR VLADIMIR ASLAN,
            Plaintiff,         :

v.                                

DHS AGENT a/k/a "MAGGIE"
and UNKNOWN FBI AGENT,
JOHN DOE,
            Defendants    :

10 C 3964
Judge Suzanne B. Conlon
Magistrate Judge Morton Denlow

---

## JURISDICTION & VENUE

    This is a civil action brought pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). The Court has jurisdiction under 28 U.S.C. §1331 % §2201.

    This action includes a claim under the laws of the State of Illinois for 'conversion'. The Court has supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. §1367.

    Venue is in the United States District Court for the Northern District of Illinois, Eastern Division, because it is where the events giving rise to the claim took place. 28 U.S.C. §1331 (b)(2).

## PLAINTIFF

1.    The Plaintiff, IGOR VLADIMIR ASLAN, is a natural person, domiciled in the City of Chicago, State of Illinois, and is currently in the custody of the United States Bureau of Prisons, at FCI Fort Dix, Fort Dix, NJ;

2.    ASLAN is confined as the result of a conviction in a criminal case, Docket No. 06CR923, out of this court, having been sentenced to a term of

(C-1)

63 months. Release from custody and a return to Chicago is expected during calendar year 2010;

## DEFENDANTS

3.   The defendant, DHS AGENT a/k/a "MAGGIE", is a natural person, employed on December 12, 2006 as an agent of the United States Department of Homeland Security; ("DHS");

4.   The defendant, UNKNOWN FBI AGENT, JOHN DOE, is a natural person employed on December 12, 2006 as an agent of the United States Federal Bureau of Investigation "FBI");

5.   The defendant, DHS AGENT a/k/a "MAGGIE", was known to ASLAN previously, having arrested him approximately a year prior, in a criminal case later disposed of in the Cook County Circuit Court in Case No. 05CR15625;

6.   Each defendant is sued individually, having at all times material acted under color of federal law;

7.   The proper names of the defendants are readily ascertainable through an examination of case records maintained by the prosecuting U.S. Attorney, the respective agencies that employed the defendants, and records of the trial court in Case No. 06CR923 at the Federal District Court, Eastern Division,and the Circuit Court of Cook County, Case No. 05CR15625;

## FACTUAL ASSERTIONS

8.   On or about December 12, 2006, the plaintiff was arrested outside his home at 2243 West 76th Street, Chicago Illinois, by the defendants;

9.   The arrest tookplace while plaintiff was in his motor vehicle, and he was ordered to remove himself from the motor vehicle at the pointof a gun;

10.  Upon exiting the motor vehicle, plaintiff was patted down and searched by both defendants in tandem;

(C-2)

11.  Upon being searched the defendants took from
     plaintiff 1730.00 in cash, one 18 karat gold
     ring with a one karat stone, one 18 karat gold
     'Swiss Zenith' watch with a 4 karat diamond, a
     drivers license, social security card, master
     card, rent receipt, and keys to the motor vehicle;

12.  At the time of arrest various items of personal
     property were contained in the motor vehicle,
     including a large 35mm camera, five 18 karat gold
     coins, two recently purchased laptop computers,
     two leather jackets, title and registration docu-
     ments pertaining to the motor vehicle, USA
     passport, Western Union Card, personal checkbook,
     keys to plaintiff's apartment, and World Service
     identification documents;

13.  The watch and ring taken from plaintiff are of
     great sentimental and monetary value and are
     unique and irreplaceable;

14.  None of the items taken from plaintiff and listed
     herein have ever been accounted for by the
     defendants or the agencies they worked for;

15.  From the point of the arrest until the present
     time the plainitff has repeatedly attempted to
     obtain a proper inventory and accounting of the
     property taken from his possession on December
     12, 2006.  Inquiries have been made to the
     courts, prosecutors, defense counsel, sherriff,
     and the respective agencies employing the defendants
     without success;

16.  Prior to sentencing, plaintiff wrote to the trial
     judge and received a response fromthe judge's law
     clerk that the question would be addressed at
     sentencing, yet sentencing took place on February
     7, 2008, without a resolution of this issue;

17.  Plaintiff filed a pro se MOTION FOR RETURN OF
     PERSONAL PROPERTY dated May 10, 2008 and filed
     by the court on May 22, 2010 (DOCKET No. 568);

18.  Subsequent notices from the court and a review
     of the docket reveal that no action was taken
     with resepct to the motion and no hearing was
     held to determine the claim;

(C-3)

19.     A Docket Entry for Case No. 06CR923 dated
        December 18, 2008, reads "Motion terminated
        as to Igor Aslan", although no notice was
        ever received by Aslan indicating the courts
        action;

20.     Thinking it appropriate, plaintiff petitioned
        the United States Court of Appeals for the
        Seventh Circuit seeking information on the
        status of his property;

21.     In reaction the Seventh Circuit ordered the
        government to respond (Docket No. 08-1486);

22.     The response from the government dated February
        11, 2010 indicates the possession of personal
        effects obtained from the plaintiff upon his
        arrest, including: "(i) an address book; (ii)
        a wallet containing $33.00 and various forms
        of identification; (iii) a TCF checkbook; (iv)
        a bag of tobacco and rolling papers; and (v)
        miscellaneous clothing items, such as a baseball
        hat, scarf, jacket, belt, and shoe laces;

23.     The items listed in the February 11, 2010
        response from the government are the first
        purported accounting of any sort that plaintiff
        has received to date.

        The items listed are not familiar to him, and
        the listing does not include the jewelry items
        of great monetary and sentimental value that
        were taken from his person by the defendants
        on December 12, 2006 or the automobile itself
        that contained many of the non-jewelry items
        claimed herein;

24.     Based upon the foregoing assertions and upon
        information and belief, the defendants have
        converted to their own use orotherwise stolen
        the plaintiff's personal property as listed
        herein in Counts 11-13;

                    CAUSES OF ACTION - FEDERAL LAW

25.     The defendant, DHS AGENT a/k/a "MAGGIE", knowingly
        and intentionally, through affirmative abuse
        of power while using the badge of her authority,

                              (C-4)

converted to her own use and otherwise stole
the various items of personal property listed
in Counts 11-13 herein, thereby depriving the
plaintiff of his rights to be free from the
unlawful taking of his property without due
process of law under the Fifth Amendment to the
United States Constitution;

26. The defendant, UNKNOWN FBI AGENT, JOHN DOE,
knowingly and intentionally, through an affirmative
abuse of power while using the badge of his
authority, converted to his own use and otherwise
stole the various items of personal property
listed in counts 11-13 herein, thereby depriving
the plaintiff of his rights to be free from the
unlawful taking of his property without due
process of law under the Fifth Amendment to the
United States Constitution;

27. The plaintiff has no plain, adequate or complete
remedy at law to redress the wrongs described
herein.  Plaintiff has been and will continue
to be irreparably harmed by the conduct of the
respective defendants, unless this court grants
the declaratory and injunctive relief that
plaintiff seeks;

## CAUSE OF ACTION - STATE LAW

28. The plaintiff alleges and reavers Counts 1-27
contained herein as if specifically stated;

29. As a result of the defendants acts and omissions
with respect to the plaintiff's property, they
have individually and in concert converted to
their own use and otherwise stolen, under the
badge of their authority, said property;

## RELIEF REQUESTED

Plaintiff respectfully prays that the court
enter judgment granting him:

30. A declaration that the acts and omissions of
the defendants violated plaintiff's rights under
the Constituion  and laws of the United States;

31. A preliminary and permanant injunction ordering
the defendants to account for the property taken
from the plaintiff on December 12, 2006, and to

(C-5)

refrain from furtehr acts or omissions that
prevent the rightful accounting for and ultimate
return of plaintiff's property;

32.  Compensatory damages against each defendant,
     jointly and severally, in an amount that will
     fairly account for the property not returned;

33.  Punitive damages in a multiple of the amount
     of the property's value;

34.  Plaintiff's cost of suit;

35.  Any additional relief the court deems meet,
     just, proper and equitable under State and
     Federal law;

36.  PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES
     TRIABLE BY JURY UNDER STATE AND FEDERAL LAW.


                          Respectfully Submitted,

                          IGOR VLADIMIR ASLAN, pro se



                    VERIFICATION

     I have read the foregoing complaint and hereby
verify that the matters alleged herein are true to the
best of my knowledge and recollection.  As to matters
alleged upon information and belief, I believe them
to be true, in good faith.

                          IGOR VLADIMIR ASLAN, pro se


DATED: 06-20-  2010


                    (C-6)