Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | SUZANNE B. CONLON | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3964 (App. No. 10-3035) | **DATE** | 11/5/2010 |
| **CASE TITLE** | Igor Vladimir Aslan (#19193-424) vs. DHS Agent, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff is directed, by December 3, 2010, to submit a renewed i.f.p. petition that is certified by a trust fund officer; he must also attach copies of his prison trust fund ledgers showing his income for the six months preceding the filing of his notice of appeal [that is, from February 30, 2010, through August 30, 2010]. The Clerk is directed to provide the plaintiff with a blank i.f.p. petition along with a copy of this order. The plaintiff is reminded that he must provide the court with the original plus a judge's copy of every document filed. The clerk is directed to send a copy of this order to the PLRA Attorney, U.S. Court of Appeals for the Seventh Circuit.

■ [For further details see text below.]

Docketing to mail notices.

---

### STATEMENT

The plaintiff, a federal prisoner, has brought this *pro se* civil rights action pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971). The plaintiff claims that the defendants, two federal agents, seized cash, jewelry, and other valuables from the plaintiff when they arrested him in December 2006, but that the government has never either returned the confiscated property or provided a proper accounting of the items' disposition.

By Minute Order of August 6, 2010, the court dismissed the complaint on preliminary review as time-barred, finding that the plaintiff should file a renewed motion for the return of property in his criminal case rather than pursuing a civil rights action. The plaintiff has filed a notice of appeal from the final judgment. On October 28, 2010, the U.S. Court of Appeals for the Seventh Circuit granted the plaintiff's motion for leave to proceed on his appeal *in forma pauperis* and directed this court to assess an initial partial filing fee.

However, the court is unable to assess an initial filing fee based on the information provided by the plaintiff. An incarcerated person seeking leave to proceed *in forma pauperis* must obtain a certificate from a prison official stating the amount of money the prisoner has on deposit in his or her prison or jail trust fund account. To enable the court to make the necessary assessment of an initial partial filing fee, the prisoner must also "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the

**(CONTINUED)**

mjm

appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). In the case at bar, the plaintiff's i.f.p. petition is not certified, and the plaintiff has failed to include copies of his prison trust fund ledgers.

For the foregoing reasons, the plaintiff is directed to submit a certified i.f.p. petition, along with copies of trust fund ledgers showing his income for the six months preceding the filing of this lawsuit [that is, from February 30, 2010, through August 30, 2010]. The Clerk will provide the plaintiff with a blank i.f.p. application.